UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RAYMOND LANE,** #143051

    **Petitioner,**

                                      Civil No: 06-11755
                                      Honorable John Corbett O'Meara
                                      Magistrate R. Steven Whalen

v.

**WARDEN RAYMOND BOOKER,**

    **Respondent.**

_____

**MEMORANDUM OPINION & ORDER SUMMARILY DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

**I. Introduction**

    This matter is before the Court on Petitioner's, Raymond Lane's, *pro se* request for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Petitioner, a state prisoner confined at Ryan Correctional Facility in Detroit, Michigan, is challenging the fact that he was not represented by counsel at his sentencing. For the reasons stated below, the Court finds that Petitioner's habeas petition is dismissed without prejudice.

**II. Statement of Facts**

    Petitioner asserts that he was appointed an attorney to represent his interests at sentencing, but there was a break down in the attorney/client relationship. Petitioner claims that the trial court gave him the option of having the appointed counsel represent his interests or he had the alternative of representing his own interests at sentencing. Petitioner informed the trial court that he did not want the appointed attorney to represent him and as a result, the attorney was permitted to

withdraw.  At that point, the Petitioner was representing his own interests during the sentencing proceeding.  It is indicated that Petitioner filed a grievance against a previous attorney and fired 2 others.  Petitioner only admits to filing a grievance against a previous attorney.

It appears that Petitioner filed 2 motions for relief from judgment and sought an appeal relative to both of them.  The Michigan Court of Appeals dismissed Petitioner's delayed application for leave to appeal, relative to the second motion for relief from judgment, for lack of jurisdiction "because the defendant cannot appeal the denial or rejection of a successive motion for relief from judgment." *(Petition for Writ of Habeas Corpus, attachment)*.  Petitioner now seeks relief by filing a petition for writ of habeas corpus with this Court.

## II. Analysis

A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief.  *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).   Therefore, a prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  *O"Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of showing exhaustion of state court remedies.  The record before this Court indicates that Petitioner's delayed application for leave to appeal was dismissed, but he did not attempt to continue the appeal process relative to  the state circuit court's decision to the Michigan Supreme Court.  Federal habeas law provides that a habeas petitioner is only

entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

### III. Conclusion

For the reasons stated, this Court concludes that Petitioner has not fully exhausted his state court remedies. Accordingly, the habeas petition is **DISMISSED WITHOUT PREJUDICE**.

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus **[Doc. #1-1, filed April 12, 2006]** is **DISMISSED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that Petitioner's Motion for Leave to Proceed in Forma Pauperis **[Doc. #1-2, filed April 12, 2006]** is **MOOT.**


s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated: April 17, 2006